IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WHITSERVE LLC,<br>986 Bedford Street<br>Stamford, CT 06905-5619<br><br>            Plaintiff,<br><br>v.<br><br>BENESCH FRIEDLANDER COPLAN<br>      & ARANOFF LLP;<br>41 South High Street<br>Suite 2600<br>Columbus, OH 43215-6109<br><br>BRINKS HOFER GILSON & LIONE, P.C.;<br>455 North Cityfront Plaza Drive<br>NBC Tower, Suite 3600<br>Chicago, IL 60611-5599<br><br>DINSMORE & SHOHL LLP;<br>255 East Fifth Street<br>Suite 1900<br>Cincinnati, OH 45202<br><br>EDWARDS ANGELL PALMER<br>      & DODGE LLP;<br>111 Huntington Avenue<br>Boston, MA 02199-7613<br><br>EMC CORP.;<br>176 South Street<br>Hopkinton, MA  01748<br><br>GENERAL ELECTRIC CO.;<br>3135 Easton Turnpike<br>Fairfield, CT 06828-0001<br><br>INTEL CORP.;<br>2200 Mission College Blvd.<br>Santa Clara, CA 95054-1549<br><br>KUSNER & JAFFE; | Civil Action No. _____<br><br>JURY DEMAND |

```
6151 Wilson Mills Road                        )
Highland Place - Suite 310                    )
Highland Heights, OH 44143                    )
                                              )
MUETING, RAASCH & GEBHARDT, P.A.;             )
111 Third Avenue South                        )
Suite 350                                     )
Minneapolis, MN 55401                         )
                                              )
WILMER CUTLER PICKERING HALE                  )
      AND DORR LLP;                           )
60 State Street                               )
Boston, Massachusetts 02109                   )
                                              )
AND ADDITIONAL JANE DOES                      )
      AND JOHN DOES,                          )
                                              )
              Defendants.                     )
_____   )
```

## COMPLAINT FOR INFRINGEMENT OF PATENTS

Plaintiff WhitServe LLC alleges as follows for its complaint against Defendants:

### Nature of the Action

1. This is a civil action arising under the Patent Laws of the United States, particularly 35 U.S.C. § 271 et seq., and seeking injunctive relief and damages under 35 U.S.C. §§ 283 – 285.

### The Patents

2. Plaintiff WhitServe LLC ("WhitServe") is the owner of the entire right, title and interest in and to United States Patent No. 5,895,468 ("the '468 patent"), entitled "System

Automating Delivery Of Professional Services," which was duly and legally issued by the United States Patent and Trademark Office on April 20, 1999 in the name of the inventor, Wesley W. Whitmyer, Jr.

3. Plaintiff WhitServe is also the owner of the entire right, title and interest in and to United States Patent No. 6,182,078 ("the '078 patent"), entitled "System For Delivering Professional Services Over The Internet," which was duly and legally issued by the United States Patent and Trademark Office on January 30, 2001 in the name of the inventor, Wesley W. Whitmyer, Jr.

4. The '468 and '078 patents are collectively referred to herein as the "WhitServe patents."

5. The WhitServe patents have been non-exclusively licensed for patent and trademark maintenance to Computer Patent Annuities LP and Master Data Center, Inc. WhitServe's wholly owned subsidiary NetDocket LLC also utilizes the patented technology.

6. Utilizing the technology of the WhitServe patents, NetDocket LLC provides law firms and corporations with a patent annuity and trademark renewal payment service. NetDocket utilizes this technology through the website www.NetDocket.com to provide secure access to patent and trademark data without the need to install complex server or client-side applications tied to expensive yearly contracts. NetDocket LLC's technology also enables participating law firms to private label the application for the benefit of their respective clients.

## **Background**

n

7. Computer Packages, Inc. ("CPi") is a Maryland corporation having a principal place of business at 414 Hungerford Drive, Third Floor, Rockville, MD 20850.

8. CPi is a provider of patent annuity payments services and related software applications, including the Desktop Electronic Annuity Reminder System ("Desktop EARS") and Hosted EARS products (hereinafter collectively referred to as the "EARS products").

9. Plaintiff WhitServe brought suit against CPi in 2006 in Connecticut District Court, alleging infringement of the WhitServe patents by the EARS products. WhitServe LLC v. Computer Packages, Inc., No. 3:06CV01935 (D. Conn. filed Nov. 30, 2006) (the "Connecticut litigation").

10. After a lengthy jury trial, concluding May 25, 2010, a jury found that:

    a) Desktop EARS infringed 18 claims of the WhitServe patents;

    b) Hosted EARS infringed 25 claims of the WhitServe patents;

    c) All asserted claims of the WhitServe patents were valid;

    d) CPi willfully infringed the WhitServe patents; and

    e) Awarded damages based on CPi's infringement of over eight million dollars.

A copy of the verdict form is attached as Exhibit A.

11. Utilizing the EARS products, CPi cooperates with law firms and corporations to provide patent owners with a patent annuity payment service. The patent owner is charged with a service fee that is divided between the law firm or corporation and CPi.

12. During the course of the Connecticut litigation, WhitServe sought damages attributable to the law firms' service fees and the benefits derived by corporate users, since CPi is a

joint tortfeasor with the law firms and corporations and jointly and severally liable for their infringement. Although CPi provides its clients with the EARS products, CPi sought to avoid its liability as a joint tortfeasor. Through motions to preclude, CPi sought to prevent WhitServe from introducing evidence of the law firms' revenue from their use of the EARS products on the grounds that the law firms' revenue far exceeded its own and CPi would not be willing to pay a royalty for the law firms' or corporations' use of EARS. The Connecticut court granted CPi's motion to preclude WhitServe from introducing evidence at trial regarding these revenues and benefits on the grounds that WhitServe did not rely on actual income figures from CPi's customers. Thus, WhitServe's damages associated with the law firms' and corporations' use of the EARS products was not resolved by the Connecticut litigation.

13. WhitServe has not been made whole as a result of its lawsuit against CPi and CPi's customers remain liable for the damages associated with their infringing use of the EARS products. Further, CPi's customers continue to profit from their infringing use of the patented technology.

### The Parties

14. Plaintiff WhitServe is a Connecticut limited liability corporation having a place of business at 986 Bedford Street, Stamford, CT 06905-5619.

15. At the completion of the Connecticut litigation, Plaintiff WhitServe engaged the services of independent investigators to identify customers of CPi which are using the EARS products. The named Defendants were identified by the independent investigators pursuant to those investigations. The identities of additional Does will be added as they are identified by WhitServe's investigators and/or through discovery of CPi.

16. On information and belief, Defendant Benesch Friedlander Coplan & Aranoff LLP is a Ohio limited liability partnership having a place of business at 41 South High Street, Suite 2600, Columbus, OH 43215-6109.

17. On information and belief, Defendant Brinks Hofer Gilson & Lione, P.C. is an Illinois corporation having a place of business at 455 North Cityfront Plaza Drive, NBC Tower, Suite 3600, Chicago, IL 60611-5599.

18. On information and belief, Defendant Dinsmore & Shohl LLP is a Ohio limited liability partnership having a place of business at 255 East Fifth Street, Suite 1900, Cincinnati, OH 45202.

19. On information and belief, Defendant Edwards Angell Palmer & Dodge LLP is a Delaware limited liability partnership having a place of business at 111 Huntington Avenue, Boston, MA 02199-7613.

20. On information and belief, Defendant EMC Corp. is a Massachusetts corporation having a place of business at 176 South Street, Hopkinton, MA 01748.

21. On information and belief, Defendant General Electric Co. is a New York corporation having a place of business at 3135 Easton Turnpike, Fairfield, CT 06828-0001.

22. On information and belief, Defendant Intel Corp. is a Delaware corporation having a place of business at 2200 Mission College Blvd., Santa Clara, CA 95054-1549.

23. On information and belief, Defendant Kusner & Jaffe is a Ohio corporation having a place of business at 6151 Wilson Mills Road, Highland Place - Suite 310, Highland Heights, OH 44143.

24. On information and belief, Defendant Mueting Raasch & Gebhardt, P.A. is a Minnesota corporation having a place of business at 111 Third Avenue South, Suite 350, Minneapolis, MN 55401.

25. On information and belief, Defendant Wilmer Cutler Pickering Hale and Dorr LLP is a Delaware limited liability partnership having a place of business at 60 State Street, Boston, Massachusetts 02109.

26. On information and belief, Defendant Jane Does and John Does are persons, partnerships and/or companies which use the infringing EARS products.

### Jurisdiction and Venue

27. This action is for damages and injunctive relief from patent infringement by Defendants and arises under the United States Patent Laws, particularly 35 U.S.C. §271 et seq. Subject matter jurisdiction is based on 28 U.S.C. §1338. Venue is based on 28 U.S.C. §1391(c).

28. On information and belief, Defendants have used and are continuing to use the EARS products to infringe the WhitServe patents. Defendants' infringing use of the EARS products is without the consent of WhitServe and without payment to WhitServe.

29. On information and belief, Defendants have contracted with CPi in this District to license the EARS products.

30. On information and belief, Defendants have made payments to CPi in this District for providing patent annuity payment services.

31. On information and belief, Defendants have used and are continuing to use the EARS products to instruct payment of annuities through CPi's servers located in this District.

32. Venue is proper and Defendants have submitted themselves to personal jurisdiction in this District by their contacts with CPi.

### COUNT I – Infringement of the WhitServe Patents

33. Upon information and belief, Defendants have been and still are directly infringing, contributing to and/or inducing infringement of the WhitServe patents pursuant to 35 U.S.C. § 271 et. seq. by using the infringing EARS products and/or making systems comprising the EARS products without the authorization of Plaintiff WhitServe.

34. Defendants' infringement continues in willful disregard of Plaintiff WhitServe's rights making this case exceptional under 35 U.S.C. § 285.

35. Plaintiff has been damaged by Defendants' infringement of the WhitServe patents and claims all damages to which it is entitled including, but not limited to, all lost profits and/or reasonable royalties.

36. The harm to Plaintiff WhitServe resulting from the infringing acts of Defendants is irreparable, continuing, not fully compensable by money damages, and will continue unless enjoined by this Court.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff WhitServe prays for judgment as follows:

A. That a preliminary and permanent injunction be entered against the Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or

participation with them who receive actual notice of the order by personal service or otherwise, from any further infringement of the WhitServe patents.

       B.       That Plaintiff WhitServe be awarded its damages, suffered by reason of infringement by Defendants, together with prejudgment interest.

       C.       That this is an exceptional case pursuant to 35 U.S.C. § 285.

       D.       That Plaintiff WhitServe be awarded its attorneys' fees and costs.

       E.       That Plaintiff WhitServe be awarded any other and further relief that this Court may deem just and proper or otherwise permitted by law.

## JURY DEMAND

WhitServe demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

BLANK & MOORSTEIN, L.L.P.

_____/S/_____
Barton D. Moorstein, Esq.
U.S. District Bar No. 1416
600 Jefferson Plaza, Suite 202
Rockville, Maryland 20852
Telephone: (301) 279-2200
Facsimile: (301) 279-7138
Email: BMoorstein@blankmoorstein.com

Counsel for Plaintiff WhitServe LLC

OF COUNSEL:

Gene S. Winter
Stephen Ball
ST.ONGE STEWARD JOHNSTON & REENS
986 Bedford Street
Stamford, Connecticut 06905
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: litigation@ssjr.com